**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Robert Dee Burke

    v.                                    Civil No. 14-cv-158-SM

Warden, New Hampshire
State Prison, et al.[1]


### REPORT AND RECOMMENDATION

The claims and allegations set forth in Document Nos. 1, 10, 13, and 14 are presently before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).


### Background

In this action, Burke, an inmate in the custody of the New Hampshire Department of Corrections ("NHDOC"), alleges that the defendants, acting with deliberate indifference to Burke's health, have denied him adequate medical care, in violation of his rights under the Eighth Amendment.  Specifically, Burke

---

[1]Burke has named the following defendants to this action: New Hampshire State Prison Warden Richard Gerry; New Hampshire Department of Corrections ("NHDOC") Classifications Counselor Kim Lacasse; the NHDOC Health Services Administrator, who is not named; Correctional Managed Health Care d/b/a UConn Health Management ("CMHC"); CMHC physician Dr. Omprakash Pillai; and Dr. Kathleen Maurer, Director of Health Services for the Connecticut Department of Corrections.

alleges that on January 13, 2012, he was transferred from the
NHDOC to the Connecticut Department of Corrections ("CDOC") for
reasons related to his security.  Burke alleges that the NHDOC
health services administrator indicated on the transfer
paperwork that Burke was taking Doxycycline to treat a severe
acne condition, knowing that the information was incorrect, that
Burke was in fact taking Minocycline, and that Doxcycline was
ineffective in treating Burke.  Burke further asserts that
defendants Correctional Managed Health Care d/b/a UConn Health
Management ("CMHC"); CMHC physician Dr. Omprakash Pillai; and
Dr. Kathleeen Maurer, CDOC Director of Heatlh Services, failed
to provide him with adequate medical care during Burke's
incarceration in the CDOC.  Burke alleges that as a result of
defendants' acts or omissions, he has suffered physical and
emotional injuries.

**Discussion**

I.   <u>Preliminary Review</u>

     Upon reviewing Document Nos. 1, 10, 13, and 14, and
applying the standard set forth in this court's June 4, 2014,
Order (doc. no. 7), this magistrate judge concludes that Burke
has failed to state any claim upon which relief might be granted

arising out of any act or omission alleged either to have
occurred in New Hampshire, or to have involved New Hampshire
State Prison Warden Richard Gerry, NHDOC Classifications
Counselor Kim Lacasse, or the NHDOC Health Services
Administrator.  Accordingly, the court recommends that the
district judge dismiss all of the claims asserted against the
New Hampshire defendants, and all of the claims alleged to have
arisen from any act or omission occurring in New Hampshire.

II.  Transfer

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a
district in which is filed a case laying venue in the wrong
division or district shall dismiss, or if it be in the interest
of justice, transfer such case to any district or division in
which it could have been brought."  In general, venue is
appropriate in a federal district court located in the district
"in which any defendant resides, if all defendants are residents
of the State in which the district is located," or "in which a
substantial part of the events or omissions giving rise to the
claim occurred."  28 U.S.C. § 1391(b)(1) and (2).

If the district judge accepts this Report and
Recommendation, the court will dismiss all of the claims against

the New Hampshire defendants, and all of the claims arising out of any act and/or omission that occurred in New Hampshire.  The remainder of Burke's claims arise entirely from events occurring in Connecticut and are asserted against Connecticut defendants. An action asserting claims against the Connecticut defendants may be brought in the District of Connecticut, Hartford Division.  Plaintiff's indigence suggests that a transfer to that court, in lieu of dismissal, is in the interests of justice.

### Conclusion

For the foregoing reasons, the district judge should approve this Report and Recommendation and enter the following order, dismissing claims and defendants from this action and transferring this case:

> 1.   The court dismisses, for failure to state a claim, all claims asserted in Document Nos. 1, 10, 13, and 14, against New Hampshire State Prison Warden Richard Gerry, NHDOC Classifications Counselor Kim Lacasse, and the NHDOC Health Services Administrator, as well as all claims alleged to have arisen from any act or omission occurring in New Hampshire.

> 2.   The court dismisses from this case defendants: New Hampshire State Prison Warden Richard Gerry, NHDOC Classifications Counselor Kim Lacasse, and the NHDOC Health Services Administrator.

3.    The clerk shall transfer the case including any claims asserted against the Connecticut defendants, to the District of Connecticut, Hartford Division, pursuant to 28 U.S.C. § 1406(a), and shall close the case in this court.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).


_____
Andrea K. Johnstone
United States Magistrate Judge


October 24, 2014

cc:  Robert Dee Burke, pro se


5