UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ROBERT DEE BURKE          :
                          :
    Plaintiff,            :
                          :
v.                        :          CASE NO. 3:14-cv-1680 (VAB)
                          :
WARDEN, ET AL.            :
                          :
    Defendants.           :

## INITIAL REVIEW ORDER RE: THIRD AMENDED COMPLAINT

### I.   Background

The plaintiff, Robert Dee Burke, filed his original Complaint [ECF No. 1] in the United States District Court for the District of New Hampshire.  It was dismissed by that court for failure to allege facts indicating that any defendant acted with deliberate indifference to a serious medical need. (Order at 3, ECF No. 7.)  Mr. Burke then filed his First Amended Complaint [ECF No. 10].  The New Hampshire district court dismissed all claims in the First Amended Complaint asserted against defendants affiliated with the New Hampshire Department of Correction on the ground that the allegations did not concern acts or omissions that occurred in New Hampshire or that involved those defendants, and transferred the remainder of the case to this Court.  (Order at 1, ECF No. 20; Report and Rec. at 3-4, ECF No. 18.)

Upon receipt of the case, this Court directed Mr. Burke to file an amended complaint naming individuals from Connecticut as defendants, and to include factual allegations showing the involvement of those individuals in the alleged deliberate indifference to his medical needs. (Ruling and Order at 4, ECF No. 27.)  Mr. Burke filed

1

a Second Amended Complaint [ECF No. 28] with this Court on December 18, 2014. On April 8, 2015, the Court dismissed Mr. Burke's Second Amended Complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The Court permitted Mr. Burke to file a third amended complaint provided he could plausibly allege that each of the defendants was personally involved in the alleged deprivation of treatment and acted with a sufficiently culpable state of mind. On June 22, 2015, Mr. Burke filed a Third Amended Complaint. The Third Amended Complaint is 113 pages in length. ECF No. 35. Interspersed within the factual allegations are copies of various Inmate Remedy Requests, letters, Inmate Administrative Remedy Forms, responses to Remedy Forms, Mr. Burke's medical records, and medication order sheets. *See generally id.*

## II. Standard of Review

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint . . . [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation

marks and citations omitted). A complaint that includes only "'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly* . . . we remain obligated to construe a pro se complaint liberally"), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

## III.   Third Amended Complaint [Doc No. 35]

Fed. R. Civ. P. 10(a) requires that the caption of a complaint or amended complaint include the names of all parties. The only defendant listed in the caption of the Third Amended Complaint is "Warden." ECF No. 35 at 1. Although Mr. Burke makes reference to Dr. Omprakash Pillai, Nursing Supervisor Erin Dolan, Registered Nurse Heidi Greene, Physician's Assistant Kevin McCrystal, and Health Services Administrator Rochelle Lightner on pages two and three of the Third Amended Complaint, the Court does not consider them to be defendants because they are not listed in the caption on the first page of the Third Amended Complaint. *See, e.g.*, *Robles v. Armstrong*, No. 3:03-cv-1634 (DFM), 2006 WL 752857, at *1 (D. Conn. Mar. 17, 2006) ("Because the John and Jane Does are not listed in the caption of the amended complaint, they are not defendants and the court does not consider claims against them."); *Gilhooly v. Armstrong*, No. 3:03-cv-1798 (MRK) (WIG), 2006 WL 322473, at *2 (D. Conn. Feb. 9, 2006) ("Because [plaintiff] has not included [certain parties] in the caption of his Complaint, they are not defendants in this action at this time

and the Court will not consider any claims against them."). Thus, the "Warden" is the only defendant currently named in this action.

Mr. Burke does not otherwise refer to the "Warden" in the body of the Third Amended Complaint. As such, he has not alleged that the "Warden" violated his federally or constitutionally protected rights. Accordingly, the claims against the "Warden" are dismissed under 28 U.S.C. § 1915A(b)(1). There being no other claims asserted against properly named defendants, the Court dismisses the Third Amended Complaint in its entirety under 28 U.S.C. § 1915A(b)(1), and directs the clerk to enter judgment in the defendant's favor and close this case.

Even if the plaintiff had listed Dr. Pillai, Nursing Supervisor Dolan, Registered Nurse Greene, Physician's Assistant McCrystal and Health Services Administrator Lightner in the caption of the Third Amended Complaint, he has not alleged that these individuals were deliberately indifferent to his medical needs. In the Ruling dismissing the Second Amended Complaint, the Court concluded that Mr. Burke had not alleged a serious medical condition. ECF No. 32 at 7. The Court further considered whether a temporary delay or interruption of treatment for his acne exposed him to possible further infection. *Id.* at 7–9. But the Court concluded that it was unnecessary to resolve whether he plausibly alleged that his exposure to a risk of infection constituted a serious medical condition because he had not alleged facts to show that the defendants acted with a sufficiently culpable state of mind. *Id.* at 9–13. With his Third Amended Complaint, Mr. Burke has not remedied the defects which required the dismissal of his Second Amended Complaint.

The plaintiff alleges that on January 13, 2012, he arrived at Walker Correctional

Institution. At that time, he was taking an antibiotic medication called minocycline to treat his acne. On January 30, 2012, Dr. Pillai prescribed a different antibiotic called doxycycline to treat Mr. Burke's acne. Mr. Burke claims that doxycycline was not effective.

In May 2012, Dr. Pillai prescribed minocycline. The plaintiff alleges that medical officials, including Dr. Pillai failed to re-fill his antibiotic prescription in a timely manner over the next ten months.

In February 2013, Mr. Burke was prescribed doxyclycline instead of receiving a renewal of his prescription for minocycline. Kevin McCrystal informed Mr. Burke of the new prescription on February 21, 2013. Mr. Burke refused to take the doxycycline when it was offered it to him.

On March 8, 2013, Mr. Burke filed a habeas petition in state court seeking treatment and medications for his skin condition. In early June 2013, Dr. Pillai discontinued the doxycycline and re-prescribed minocycline. In June 2014, Mr. Burke returned to New Hampshire for a criminal proceeding. While in the New Hampshire Department of Correction, medical officials prescribed bactrim and minocycline for his skin condition and commented on the scars and bald spots on Mr. Burke's body. Mr. Burke returned to MacDougall on July 11, 2014.

In October 2014, Mr. Burke participated in a hearing in connection with his Connecticut habeas petition. The judge entered an order that prison officials in Connecticut send him to be examined by a dermatologist at the University of Connecticut Health Center.

A dermatologist examined Mr. Burke on December 15, 2014 and recommended

that the prescription for minocycline be discontinued for two weeks so that a culture of one of Mr. Burke's skin pustules could be taken and examined. The dermatologist prescribed different forms of treatment depending on the results of the culture. In addition, the dermatologist prescribed special soap and a soy-free diet. The plaintiff's allegations show that medical officials at MacDougall-Walker fulfilled the dermatologist's recommendations.

Deliberate indifference by prison officials to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). There are both subjective and objective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied sub nom. Foote v. Hathaway*, 513 U.S. 1154 (1995). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). Because mere negligence will not support a section 1983 claim, not all lapses in prison medical care constitute a constitutional violation. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003).

The allegations in and exhibits attached to the Third Amended Complaint do not plausibly suggest that the medical staff members at MacDougall-Walker were deliberately indifferent to the plaintiff's skin condition. Nor did they refuse to provide

treatment for the condition.  To the extent that the plaintiff disagrees with the type of medication prescribed for his skin condition, such a claim is not cognizable under the Eighth Amendment.   Inmates are not entitled to the medical treatment of their choice. *See Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986).   Mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment.  *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Ahlers v. Kaskiw*, No. 9:12-CV-501 GLS/ATB, 2014 WL 4184752, at *10 (N.D.N.Y. Aug. 21, 2014) (plaintiff's disagreement about the appropriate medication for his skin condition was insufficient to create factual issue as to whether medical care providers harbored subjective deliberate indifference to his serious medical needs); *Dearmond v. Obaisi*, No. 11-CV-3412, 2012 WL 1830959, at *2 (C.D. Ill. May 18, 2012) (no plausible inference of deliberate indifference where prison doctor changed inmate's acne medication from one antibiotic to another upon inmate's transfer to new facility).

In addition, there are no facts to suggest that the alleged delays by MacDougall-Walker medical staff in re-filling the plaintiff's skin medication prescription were deliberate.  Negligence does not state a cognizable claim under the Eighth Amendment. *See Smith*, 316 F.3d at 184 ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation.").

The plaintiff also complains about the $3.00 sick visit fees that Greene and Dolan

required him to pay.  Conn. Agencies Regs. § 18-85a-3, provides that inmates must submit a co-pay for several different types of programs and medical procedures, but shall not be denied medical care based on an inability to pay.  The plaintiff did not think the sick visit fees were justified and felt he should have been reimbursed for some of the payments.  But there are no facts to suggest that the plaintiff was denied medical treatment because of the sick visit fees.  Thus, his disapproval of the collection of the fees as required by Connecticut law does not state a claim of deliberate indifference to medical needs in violation of the Eighth Amendment.

Because the plaintiff has again failed to allege plausibly that any of the defendants were deliberately indifferent to his skin condition, the court will not permit him to file a Fourth Amended Complaint to list Dr. Pillai, Nursing Supervisor Dolan, Registered Nurse Greene, Physician's Assistant McCrystal and Health Services Administrator Lightner in the caption.

## IV.     Motion to Add to Third Amended Complaint [Doc. No. 37]

The plaintiff seeks to add allegations regarding incidents that occurred in late June 2015.  He claims that, under an agreement reached in a state habeas matter on June 11, 2015, Physician's Assistant Kevin McCrystal ordered that he be transferred to another facility for inpatient treatment relating to his claims regarding certain foods that cause him diarrhea.  Prison officials transferred the plaintiff to Corrigan on June 26, 2015.  After being monitored by medical staff, Corrigan officials transferred the plaintiff back to MacDougall on June 30, 2015.  The plaintiff complains that he lost his prison job as well as a few items of personal property because of his transfer to Corrigan.  He

concludes that the transfer was made in retaliation for filing a state habeas petition. In addition, he complains that when he arrived back at MacDougall, there was an 80-hour delay in receiving his prescribed medications.

Rule 15(d) of the Federal Rules of Civil Procedure permits a party to move to file a supplemental pleading and the district court to grant such a motion, in the exercise of its discretion, upon "reasonable notice" and "on just terms." A motion to supplement pleadings under Rule 15(d) is properly filed when a party seeks to plead a "transaction, occurrence or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "A trial court has broad discretion in determining whether to grant a motion to file a supplemental pleading under Rule 15(d)." *Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358 (S.D.N.Y. 2009). A district court may grant permission to file supplemental pleadings under Rule 15(d), when it determines that "the supplemental facts connect it to the original pleading." *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). In deciding whether to grant a motion to supplement a pleading based on Rule 15(d), a district court should consider the following factors: "undue delay, bad faith, dilatory tactics, undue prejudice to the opposing party or futility." *Id.*

The allegations that the plaintiff seeks to add are unrelated to the allegations in the Third Amended Complaint. As indicated above, the allegations in the Third Amended Complaint relate to treatment for the plaintiff's acne condition from January 2012 to December 2014. The allegations that the plaintiff seeks to add relate to treatment for a condition related to his diet, a transfer to another prison facility, the loss of a prison job and personal property, and an alleged delay in receiving prescribed

medications. Justice does not require permitting the plaintiff to submit new allegations which are not connected to the allegations forming the basis of his Third Amended Complaint. The motion is denied.

## V. Motion for Injunctive Relief and Temporary Restraining Order [Doc. No. 36]

In the Third Amended Complaint, the plaintiff states that the treatment recommended by the dermatologist that he saw in December 2014 has improved his skin condition. He does not seek injunctive relief in the Third Amended Complaint. Rather he seeks damages for scarring, bald spots and emotional distress that the defendants allegedly caused due to their deliberate indifference to his skin condition.

In a motion seeking injunctive relief, the plaintiff states that he suffers from a chronic form of acne and that medical officials have failed to properly treat his condition in the past. He seeks an order that his medications be prescribed for one year and be passed out to him on Saturdays and an order that he be evaluated by a dermatologist as well as a medical professional with expertise in skin grafting and hair replacement. In addition, the plaintiff seeks an order directing prison officials to provide him with a special low-cholesterol and low-fat diet, a medical mattress and a second pillow.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" *Buffalo Forge Co. v. Ampco-Pittsburgh Corp.*, 638 F.2d 568, 569 (2d Cir. 1981) (quoting *Medical Society of New York v. Toia*, 560 F.2d 535, 538 (2d Cir. 1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." *Vorbeck v. McNeal*, 407 F. Supp. 733, 739 (E.D. Mo.), *aff'd*, 426 U.S. 943 (1976).

The standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party must demonstrate "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. *See Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990). To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks and citations omitted). Furthermore, "[w]here there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3fd 506, 50 (2d Cir. 2005) (citations omitted).

First, the plaintiff has no likelihood of success on the merits and has not shown sufficiently serious questions going to the merits; this Court has dismissed all of his claims. Second, the plaintiff has alleged no facts to suggest that he will suffer imminent harm if the court does not grant his requests for injunctive relief. The plaintiff was seen by a dermatologist in December 2014. Prison officials have provided the plaintiff with

the medical treatment and diet recommended by the dermatologist. Although the plaintiff has suffered scars from his skin condition, he has not alleged that he will suffer imminent harm if he is not seen by a specialist who might be able to alleviate the appearance of the scars and bald spots that were caused by his skin condition. The plaintiff does not explain his need for a different diet. Nor does he adequately explain why he requires a new mattress and a second pillow. Thus, the plaintiff has not alleged that he will suffer immediate harm if his requests for injunctive relief are not granted. The motion for injunctive relief and temporary restraining order is denied.

### VI. Conclusion

The Third Amended Complaint [Doc. No. 35] is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). The Motion to Add Claims and File a Supplemental Complaint [Doc. No. 37] is DENIED. The Motion for Preliminary Injunction and Temporary Restraining Order [Doc. No. 36] is DENIED. The Clerk shall enter judgment in favor of the defendant and close this case.

**SO ORDERED** at Bridgeport, Connecticut this fourteenth day of July, 2015.

 /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE